IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00714-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES, also known as
WILLIAM,

    Plaintiff,

v.

GALARDO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Plaintiff, William Lee Lornes the III, also known as William Lee Lornes and as William, currently is incarcerated at the Denver County Jail.  The caption of this order has been corrected to include his aliases.  Mr. Lornes submitted to the Court *pro se* on March 18, 2013, in a legal envelope a number of loose documents, which the Court has made its best efforts to organize on Mr. Lornes' behalf.  The papers have been divided into four lawsuits, one of which is the instant action.  In this action, Mr. Lornes has submitted a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number

noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  ___  is not submitted
(2)  ___  is missing affidavit
(3)  ___  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner
(7)  _X_  is not on proper form (must use the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official)
(8)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(9)  ___  An original and a copy have not been received by the court. Only an original has been received.
(10) _X_  other: § 1915 motion and affidavit only necessary if $350.00 filing fee is not paid in full in advance.

**Complaint, Petition or Application**:
(11) ___  is not submitted
(12) ___  is not on proper form
(13) ___  is missing an original signature by the prisoner
(14) ___  is missing page nos. ___
(15) ___  uses et al. instead of listing all parties in caption
(16) ___  An original and a copy have not been received by the court. Only an original has been received.
(17) ___  Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___  names in caption do not match names in text
(19) ___  other:

Mr. Lornes has initiated twenty lawsuits in this Court since March 15, 2012, exclusive of the four lawsuits he just initiated. In the instant action, he submitted loose papers to the Court, failed to identify adequately whether he wanted the papers filed in an existing case or whether he intended to initiate a new case, and failed to indicate which papers were to be filed in which case. Plaintiff's failure to identify his intended filings adequately has placed a burden on the Court to determine in what case or cases they should be filed. This approach is unacceptable. It is Plaintiff's responsibility to designate where his papers should be filed, and to provide sufficient copies for filing in

2

the cases he designates.

Accordingly, it is

ORDERED that the clerk of the Court add William Lee Lornes and William, the aliases for William Lee Lornes the III, to the docketing records for this case. It is

FURTHER ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved form for filing an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in curing the designated deficiencies. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Lornes is prohibited from filing multiple loose documents in one envelope without designating in a clear and concise manner in which case or cases the documents should be filed. It is

FURTHER ORDERED that, if Mr. Lornes intends to initiate a new case, he must write "new case" above the blank line provided for the docket number on the first page of the filings intended for the new case, or on each page of each document if the pages are loose. Whether or not each document is stapled or paper clipped, each page of each document must be numbered in chronological order at the bottom center. It is

FURTHER ORDERED that the necessary documents to initiate a new case, such

as a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, must be sent to the Court in their own mailing envelope. Other documents unrelated to the new case may only be placed in the same envelope if the case or cases in which the unrelated documents are to be filed are clearly designated, with each page of each document numbered in chronological order at the bottom center and with the docket number written at the top right of each page if the pages are loose or on the first page if the pages are stapled or paper clipped together. It is

FURTHER ORDERED that Mr. Lornes is prohibited from writing multiple docket numbers on a purported cover page.  If he intends to file a document in more than one case, he must provide the Court with multiple copies of that document, with each page of each document numbered in chronological order at the bottom center and with the docket number written at the top right of each page if the pages are loose or on the first page if the pages are stapled or paper clipped together.  It is

FURTHER ORDERED that, in the future, the Court may opt to strike or return to Mr. Lornes unfiled any incomplete papers that do not comply with the these directives.

DATED March 19, 2013, at Denver, Colorado.

                                       BY THE COURT:

                                       s/Boyd N. Boland
                                       United States Magistrate Judge