IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00714-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES, also known as
WILLIAM,

    Plaintiff,

v.

GALARDO,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE FINAL AMENDED COMPLAINT

    Plaintiff, William Lee Lornes the III, also known as William Lee Lornes and as William, currently is incarcerated at the Denver County Jail. On March 18, 2013, he submitted a Prisoner Complaint (ECF No. 1). On April 2, 2013, he filed amended complaints. *See* ECF Nos. 22 and 23. Mr. Lornes has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court will not consider the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (ECF No. 22) or the habeas corpus applications Mr. Lornes filed pursuant to 28 U.S.C. §§ 2241 and 2254 (ECF Nos. 25, 26, 27, 28, 29, 30, and 31) in this civil rights action brought under 42 U.S.C. § 1983 because he may not pursue §§ 2255, 2241, or 2254 claims in a civil rights action. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to

collaterally attack the validity of a conviction and sentence."). By contrast, claims arise under the civil rights laws if the offender is challenging the conditions of his confinement. *Id.* at 812; *see also Preiser v. Rodriguez*, 411 U.S. 475, 499, (1973) ("[A] § 1983 action is a proper remedy for a ... state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")

The Court must construe liberally Mr. Lornes' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lornes will be ordered to file a final amended complaint pursuant to § 1983 if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint (ECF No.1) and amended Prisoner Complaints (ECF Nos. 22 and 23), and finds that they do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lornes' complaints are vague and unintelligible. In order to state a claim in federal court, Mr. Lornes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); see also *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Lornes should name as defendants in his final amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Lornes must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Mr. Lornes may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Lornes uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all

papers filed in cases in this Court be double-spaced and legible. See D.C.COLO.LCivR 10.1E. and G. The final amended complaint Mr. Lornes will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G. Each party to be sued must be listed in the caption to the final amended complaint. See D.C.COLO.LCivR 10.1J.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Lornes will be given an opportunity to cure the deficiencies in his complaint and amended complaints by submitting a final amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the final amended complaint.

Accordingly, it is

ORDERED that the Court will not consider the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (ECF No. 22) or the habeas corpus applications Plaintiff, William Lee Lornes the III, filed pursuant to 28 U.S.C. §§ 2241 and 2254 (ECF Nos. 25, 26, 27, 28, 29, 30, and 31) in this civil rights action brought under 42 U.S.C. § 1983. It is

FURTHER ORDERED that Mr. Lornes file **within thirty (30) days from the date**

**of this order** a final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lornes one copy of the Court-approved Prisoner Complaint form, along with the applicable instructions.  It is

FURTHER ORDERED that Mr. Lornes is directed to use the one mailed copy of the Court-approved Prisoner Complaint form to submit the final amended complaint in this action, No. 13-cv-00714-BNB.  It is

FURTHER ORDERED that Mr. Lornes may not submit in this action any document other than the one final amended complaint on the form he is being provided.  It is

FURTHER ORDERED that the final amended complaint submitted in this action shall bear only the docket number for this action, No. 13-cv-00714-BNB.  It is

FURTHER ORDERED that, if Mr. Lornes fails to file a final amended Prisoner Complaint on the form he has been provided that complies with this order as directed within the time allowed, the complaint, amended complaints, and the action will be dismissed without further notice.

DATED April 25, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge