IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00714-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES, also known as
WILLIAM,

    Plaintiff,

v.

ARAPHO [sic] POLICE DEPARTMENT/"CORT HOUSE" [sic] (Jane Doe, Supervisor),
DENVER POLICE DEPARTMENT/ "HEAD-QORTERS" [sic], and
GALARDO,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, William Lee Lornes the III, also known as William Lee Lornes and as William, currently is incarcerated at the Denver County Jail. On March 18, 2013, he submitted *pro se* a Prisoner Complaint (ECF No. 1). On April 2, 2013, he filed amended complaints. *See* ECF Nos. 22 and 23. Mr. Lornes was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

Magistrate Judge Boyd N. Boland did not consider in this civil rights action pursuant to 42 U.S.C. § 1983 the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (ECF No. 21) or the habeas corpus applications filed pursuant to 28 U.S.C. §§ 2241 and 2254 (ECF Nos. 25, 26, 27, 28, 29, 30, and 31) because Mr. Lornes may not pursue §§ 2255, 2241, or 2254 claims in a civil rights action. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are

used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence.").

Instead, on April 25, 2013, Magistrate Judge Boland entered an order (ECF No. 37) directing Mr. Lornes to file within thirty days a final amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure on the Court-approved Prisoner Complaint form the clerk of the Court mailed to him together with a copy of the April 25 order. Magistrate Judge Boland warned Mr. Lornes that if he failed to file a final amended Prisoner Complaint on the form he was provided that complied with the April 25 order as directed within the time allowed, the action would be dismissed without further notice. On May 21, 2013, Mr. Lornes filed the final amended Prisoner Complaint (ECF No. 39).

The Court must construe liberally Mr. Lornes' final amended Prisoner Complaint because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the final amended complaint and the action will be dismissed.

The Court has reviewed the final amended Prisoner Complaint (ECF No.39), and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. Lornes was informed in the April 25 order for a final amended Prisoner Complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lornes' final amended Prisoner Complaint is vague, nearly unintelligible, and fails to list the named Defendants clearly in the caption. In the April 25 order for a final amended complaint, Magistrate Judge Boland advised Mr. Lornes that in order to state a claim in federal court he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Lornes also was advised that § 1983 "provides a federal cause of action

3

against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Lornes was directed to name as defendants in his final amended complaint only those persons that he contended actually violated his federal constitutional rights.

Magistrate Judge Boland emphasized that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lornes must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, Mr. Lornes was advised he must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Nonetheless, Mr. Lornes failed to allege sufficient facts in the final amended Prisoner Complaint to indicate Mr. Galardo's personal participation in any constitutional violations.

In the April 25 order, Magistrate Judge Boland noted that Mr. Lornes may use fictitious names, such as "John or Jane Doe," if he did not know the real names of the individuals who allegedly violated his rights.  However, Magistrate Judge warned Mr. Lornes that if he used fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

It is not clear from the caption of the final amended Prisoner Complaint whether Mr. Lornes is suing Jane Does from the Arapahoe and Denver county police departments, or the departments themselves, or both.  In any case, he has failed to provide sufficient information about the Jane Does so that they may be identified for service.  To the extent he is suing the Arapahoe and Denver county police departments, he is suing improper parties.  The police departments are not separate entities from Arapahoe County or Denver County, and, therefore, are not persons under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the police departments must be considered as asserted against their appropriate counties.

In addition, municipalities, such as Arapahoe or Denver county, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Mr. Lornes cannot state a claim for relief against Arapahoe or Denver county under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.  He has failed to allege a policy or custom that lead to any injury alleged.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the final amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed for that reason.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lornes files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the final amended Prisoner Complaint (ECF No. 39) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal

Rules of Civil Procedure for the failure of Plaintiff, William Lee Lornes the III, to file a final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 and the directives of the order of April 25, 2013 (ECF No. 37).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  24th  day of      May        , 2013.

BY THE COURT:

      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court